# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEATTLE SPINCO, INC. and ENTIT SOFTWARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Defendants. | C.A. No. 1:18-cv-01585-RGA <br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY

Timothy Devlin (DE 4241)
Devlin Law Firm LLC
1306 N. Broom Street, First Floor
Wilmington, DE  19806
(302)-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Defendants*

Dated: November 27, 2018

**TABLE OF CONTENTS**

I.   Nature and Stage of Proceedings ................................................................................... 1
II.  Summary of the Argument ............................................................................................. 1
III. Factual Background ....................................................................................................... 1
IV.  Argument ....................................................................................................................... 4
   A. This Action Should be Dismissed for Lack of Subject Matter Jurisdiction .......... 4
      1. Plaintiffs Have Not Shown a Justiciable Controversy Exists with Wapp ........ 4
      2. Substantial Evidence Exists Contradicting Subject Matter Jurisdiction .......... 5
   B. This Case Should Be Dismissed, Stayed or Transferred in Light of the First-Filed Texas Action and Activity in that Case ................................................................................ 7
      1. The Texas Actions Were the First Filed ........................................................... 7
      2. Texas Is a More Convenient Venue ................................................................. 8
      3. At a Minimum, this Case Should Be Stayed During Relevant Motion Practice in Texas 9
V.   Conclusion ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*3M Co. v. Avery Dennsion Corp.*,
673 F.3d 1372 (Fed. Cir. 2012).................................................................................4,5

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
737 F.3d 704 (Fed. Cir. 2013)......................................................................................7

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014).....................................................................................4

## OTHER AUTHORITIES

28 U.S.C. § 2201.........................................................................................................5

## I. NATURE AND STAGE OF PROCEEDINGS

On October 15, 2018, Plaintiffs Seattle SpinCo, Inc. ("Seattle SpinCo") and EntIT Software LLC ("EntIT") (collectively, "Plaintiffs") filed a Complaint for Declaratory Judgment against Wapp Tech LP and Wapp Tech Corp. (collectively, "Wapp"), asking for a declaration that three of Wapp's patents[1] are not infringed, invalid, and "ineligible" (the "Complaint"). (D.I. 1 at ¶¶ 32–96.) This Motion seeks dismissal, transfer or stay of this action.

## II. SUMMARY OF THE ARGUMENT

This case should be dismissed because Plaintiffs fail to satisfy their burden to show that any case or controversy actually exists between Plaintiffs and Wapp, as detailed below. Specifically, substantial evidence exists to show that the only justiciable controversy that exists is between Wapp and entities *other* than Plaintiffs. Those other entities have been identified as Defendants in lawsuits in the Eastern District of Texas, and those cases should proceed accordingly. In contrast, because no justiciable controversy exists between Wapp and Plaintiffs, this action should be dismissed.

Moreover, this case should be dismissed, transferred or stayed in favor of a first-filed proceeding in the Eastern District of Texas, which involves a defendant affiliated with Plaintiffs here. Even if the Court finds that a justiciable controversy exists between the parties here, the appropriate vehicle for adjudicating that controversy is the existing lawsuit in Texas. At a minimum, the Court should stay this action at least until the United States District Court for the Eastern District of Texas rules on various Motions to Stay in Wapp's pending actions in Texas.

## III. FACTUAL BACKGROUND

This case represents a tactical response to actions originally filed by Wapp in the Eastern District of Texas.

---

[1] U.S. Pat. Nos. 9,971,678 ("the '678 patent"); 9,298,864 ("the '864 patent"); and 8,924,192 ("the '192 patent") (collectively, the "Patents").

1

Specifically, in July, 2018, Wapp filed a complaint against Micro Focus International Plc ("Micro Focus"), alleging infringement of U.S. Patent Nos. 9,971,678, 9,298,864, and 8,024,192 (collectively, the "Patents"). (*See* D.I. 1 at ¶ 11.) The issue of whether Micro Focus is a proper party to that Texas action, or whether other parties would be appropriate, have already been joined in that same action. Specifically, Micro Focus filed a motion to dismiss, asserting that it is not the proper party to that action. (*See* Ex. 1, *Wapp Tech LP et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469, Motion to Dismiss, Docket No. 12 (E.D. Tex. Oct. 17, 2018).)[2] At the same time, rather than address those issues fully in Texas and work to ensure that the correct parties are named in that first-filed case, Plaintiffs have filed this declaratory action here.

According to the Complaint in this action, Plaintiffs Seattle SpinCo and EntIT are direct or indirect subsidiaries of Micro Focus. Plaintiffs further allege, in this Complaint, that they bear responsibility for the activities accused of infringement in the Micro Focus Texas lawsuit. (*See id*. at ¶¶ 20-22.) Plaintiffs specifically allege: "Seattle SpinCo (and/or one or more of its subsidiaries) assumed all liability arising from allegations of past, present, or future patent infringement that may be brought by third parties with respect to the Software business segment's making, selling, offering to sell, and/or importing of the Accused Products." (*Id*. 1 at ¶ 17.) Plaintiffs never fully identify any of those "subsidiaries."

Contrary to Plaintiffs' allegations in this action, substantial evidence indicates that Micro Focus is in fact responsible for the infringing activity. Micro Focus—not Plaintiffs—maintains the product documentation copyrights, websites, sales channels, customer service channels, employees, and physical office locations associated with the Accused Products. (Ex. 2, *LoadRunner Software Version 12.60 User Guide*, Micro Focus (Aug. 19, 2018)) (showing "Micro Focus" logo on cover page and noticing the copyright to "Micro Focus or one of its

---

[2] Unless otherwise indicated, numbered Exhibits 1-11 cited in this brief refer to the Exhibits attached to the co-filed Declaration of Timothy Devlin in Support of this Motion.

affiliates"); (Ex. 3, *LoadRunner Website*, Micro Focus, (last accessed Nov. 26, 2018) (showing "Micro Focus" logo on cover page and noticing the copyright to "Micro Focus or one of its affiliates"); (Ex. 4, Emails from LoadRunner Sales and Customer Service Employees); (Ex. 5, *Working at Micro Focus*, Micro Focus, https://jobs.microfocus.com/ (last visited Oct. 31, 2018)); (Ex. 6, *Search our Job Opportunities at Micro Focus*, Micro Focus (last visited Oct. 31, 2018)); (Ex. 7, *Contact Micro Focus*, Micro Focus, https://www.microfocus.com/about/contact/ (last visited Oct. 31, 2018)).

Other information confirms Micro Focus's involvement with the accused products. In its Prospectus for the merger with Seattle SpinCo, Micro Focus touts the quality of its "over 20,000 customers, including 91 of the Fortune 100 companies," (Ex. 8, Seattle SpinCo-Micro Focus Merger Propsectus, at 18); Micro Focus characterized the merger as a "significant increase in Micro Focus' scale and breadth," including creating "significantly greater scale and breadth of product portfolio covering largely adjacent areas of the software infrastructure market" and adding "a **substantial recurring revenue base to Micro Focus' existing product portfolio**," (*Id.* at 22 (emphasis added)); and Micro Focus "set out to be an effective company at **managing a portfolio of mature infrastructure software assets**," (*Id.* at 112 (emphasis added)). Indeed, the individual identified as being responsible for the accused products is identified as being an employee of Micro Focus. (Ex. 9, Archie Roboostoff LinkedIn Profile (last visited Nov. 27, 2018)).

Texas is also a more convenient location for adjudicating this dispute. The vast majority of the relevant documents and witnesses are located within the Eastern District of Texas, as Wapp alleged in its Complaint against Micro Focus. (Ex. 10, *Wapp Tech LP et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469, Complaint, Docket No. 1 (E.D. Tex. July 2, 2018), at ¶¶ 4–12.) Micro Focus operates a place of business at 5400 Legacy in Plano, Texas. (Ex. 7, *Contact Micro*

3

*Focus*, Micro Focus, https://www.microfocus.com/about/contact/ (last visited Oct. 31, 2018).) Micro Focus also hires employees, for example Sales Engineers and Sales Managers, in Plano, Texas. (Ex. 6, *Search our Job Opportunities at Micro Focus*, Micro Focus (last visited Oct. 31, 2018).) Plaintiffs do not dispute that these documents and witnesses exist in Texas, just that Micro Focus itself does not control these documents and witnesses. (Ex. 1, Micro Focus Motion to Dismiss, at 10.)

## IV. ARGUMENT

### A. This Action Should be Dismissed for Lack of Subject Matter Jurisdiction

#### 1. Plaintiffs Have Not Shown a Justiciable Controversy Exists with Wapp

Wapp has never sued either Seattle Spinco or EntIT. Neither Plaintiff is a party to any action Wapp has brought against any other entity. There is no justiciable case or controversy extant between Wapp and Plaintiffs. As a result, the Complaint here should be dismissed.

Declaratory judgment jurisdiction and constitutional standing begin with a similar question: whether Plaintiffs can show that a justiciable controversy exists between Plaintiffs and Wapp. The "The threshold question for declaratory judgment jurisdiction is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, ***between parties having adverse legal interests***, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (emphasis added).

The question of minimum of standing involves three related elements. "First, the ***plaintiff*** must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *3M Co. v. Avery Dennsion Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal citations omitted) (emphasis added).

4

"Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *Id.* at 1377 (citing *MedImmune, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005), *overruled on other grounds*, *MedImmune*, 549 U.S. at 130–31).

Plaintiffs' argument for standing is distilled within Paragraph 27 of their Complaint: "Because Wapp has alleged patent infringement against Plaintiffs' corporate parent Micro Focus International plc in the Texas Suit with respect to the Accused Products, which are made and sold by Plaintiffs, an immediate, real, and justiciable controversy exists between Plaintiffs and Wapp regarding the Patents." That is, Plaintiffs believe that Wapp has sued the wrong entity in the Texas Action, and thus that Plaintiffs obtain the right to challenge Wapp's Patents in this Court.

Wapp, however, has never accused Plaintiffs of infringing Wapp's Patents. There is no "adverse legal interest" between Plaintiffs and Wapp. As a result, Plaintiffs have not shown it has any recognizable ability to ask this Court for a declaration of its rights. 28 U.S.C. § 2201 ("In a case of ***actual controversy*** within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

### 2. Substantial Evidence Exists Contradicting Subject Matter Jurisdiction

Substantial information contradicts Plaintiffs' allegations regarding standing, and Plaintiffs have not met their burden of establishing subject matter jurisdiction. First, Plaintiffs allege "Seattle SpinCo (and/or one or more of its subsidiaries) assumed all liability arising from allegations of past, present, or future patent infringement that may be brought by third parties with respect to the Software business segment's making, selling, offering to sell, and/or importing of the accused products." (D.I. 1 at ¶ 17.) Even on its face, this statement is

unavailing to establish jurisdiction, as Plaintiffs do not state which subsidiaries assume liabilities, whether certain subsidiaries have some liabilities while other have different liabilities, or whether any of those subsidiaries have the liabilities actually at issue in this case.

Second, as noted above, Plaintiffs' basis for the Complaint depends on a critical allegation that that Plaintiffs make and sell the Accused Products.  (*Id*. at ¶ 27.)  Substantial information contradicts this allegation.  Micro Focus—not Plaintiffs—maintains the product documentation copyrights, websites, sales channels, customer service channels, employees, and physical office locations associated with the Accused Products.  (Ex. 2, *LoadRunner Software Version 12.60 User Guide*, Micro Focus (Aug. 19, 2018)) (showing "Micro Focus" logo on cover page and noticing the copyright to "Micro Focus or one of its affiliates"); (Ex. 3, *LoadRunner Website*, Micro Focus, (last accessed Nov. 26, 2018) (showing "Micro Focus" logo on cover page and noticing the copyright to "Micro Focus or one of its affiliates"); (Ex. 4., Emails from LoadRunner Sales and Customer Service Employees); (Ex. 5, *Working at Micro Focus*, Micro Focus, https://jobs.microfocus.com/ (last visited Oct. 31, 2018)); (Ex. 6, *Search our Job Opportunities at Micro Focus*, Micro Focus (last visited Oct. 31, 2018)); (Ex. 7, *Contact Micro Focus*, Micro Focus, https://www.microfocus.com/about/contact/ (last visited Oct. 31, 2018)).

Other public-facing evidence is inconsistent with Plaintiffs' position that they, rather than Micro Focus, control the accused products.  For example, the individual identified as being responsible for the accused products is identified as being an employee of Micro Focus.  (Ex. 9, Archie Roboostoff LinkedIn Profile (last visited Nov. 27, 2018)).  As other examples, in its Prospectus for the merger with Seattle SpinCo, Micro Focus touts the quality of its "over 20,000 customers, including 91 of the Fortune 100 companies," (Ex. 8, Seattle SpinCo-Micro Focus Merger Propsectus, at 18); Micro Focus characterized the merger as a "significant increase in Micro Focus' scale and breadth," including creating "significantly greater scale and breadth of

product portfolio covering largely adjacent areas of the software infrastructure market" and adding "a ***substantial recurring revenue base to Micro Focus' existing product portfolio***," (*Id.* at 22 (emphasis added)); and Micro Focus "set out to be an effective company at ***managing a portfolio of mature infrastructure software assets***," (*id.* at 112 (emphasis added)).

Finally, Plaintiffs assert that Micro Focus has no "operating revenue," yet the documents to which Plaintiffs cite list multiple revenue streams. (Ex. 11, Micro Focus Int'l PLC, *Interim Results for the Six Months Ended 30 April 2018* (July 11, 2018).) In short, Plaintiffs' assertion that they are the manufacturers of certain accused products are flatly inconsistent with publicly available information.

Because Plaintiffs have failed to adequately allege facts supporting a justiciable controversy, and because substantial evidence exists contradicting even Plaintiffs' deficient allegations, the Court should dismiss for lack of subject matter jurisdiction.

    **B.    This Case Should Be Dismissed, Stayed or Transferred in Light of the First-Filed Texas Action and Activity in that Case**

        **1.    The Texas Actions Were the First Filed**

This case should also be dismissed, stayed or transferred in light of the first-filed Micro Focus Texas action. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). Exceptions exists if "justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" *Id.* (quoting *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005)).

The instant declaratory judgment action was filed months after the Micro Focus Texas action. The parties to that action have engaged on the very issues raised here, and clearly

7

Plaintiffs are aware of that action and the pending motion practice. If there happens to be a misnamed party to that action, or if additional parties should be added, the appropriate resolution would be to address those issues in the Texas action (for example, by merely adding Plaintiffs to that action).

### 2. Texas Is a More Convenient Venue

Even if this suit is considered to be first filed (if, for example, adding Plaintiffs to the Micro Focus Texas action somehow relegates that action to a "second filed" case), this lawsuit still should be dismissed, transferred or stayed in favor of the Texas actions because the factors of "judicial and litigant economy" and "just and effective disposition of disputes" both weigh in favor of the Texas actions. The Eastern District of Texas is a more convenient venue, as the relevant documents are located there. (*See Wapp Tech LP et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469, Complaint, Docket No. 1 (E.D. Tex. July 2, 2018), at ¶¶ 4–12.) Micro Focus also hires relevant employees in Plano, Texas. (Ex. 6, *Search our Job Opportunities at Micro Focus*, Micro Focus (last visited Oct. 31, 2018).) There is no dispute as to the location of such evidence, even if Plaintiffs dispute who is actually in control of those witnesses and documents.

Plaintiffs apparently bring this action solely in an attempt to thwart Wapp's choice of venue in the Eastern District of Texas. If Plaintiffs are indeed the parties in control of these documents and witnesses, and Plaintiffs are indeed responsible for the Accused Products, then Plaintiffs should join the Texas Suit, not burden this Court with unnecessary litigation. Under these circumstances, "judicial and litigant economy" and "just and effective disposition of disputes" would merely entail adding Plaintiffs to the Texas Suit, not maintaining the instant action. Accordingly, this Court should dismiss, transfer or stay this action in favor of the Micro Focus Texas action.

### 3. At a Minimum, this Case Should Be Stayed During Relevant Motion Practice in Texas

At a minimum, this action should be stayed pending resolution of various Motions to Stay in the Eastern District of Texas. Wapp has already asked the Eastern District of Texas to determine whether Plaintiffs are the appropriate parties in that action, and Wapp respectfully submits that the Court should stay this action at least until the Eastern District of Texas has had a chance to decide those issues.

In addition to the Micro Focus Texas lawsuit (*Wapp Tech LP et al. v. Micro Focus Int'l PLC*, 4:18-cv-00469 (E.D. Tex. July 2, 2018), Wapp has also sued Hewlett-Packard Enterprise Company ("HPE"), Bank of America Corp. and Wells Fargo & Co. in the Eastern District of Texas. *Wapp Tech LP et al. v. Bank of America Corp.*, 4:18-cv-00519 (E.D. Tex. July 20, 2018); *Wapp Tech LP et al. v. Wells Fargo & Co.*, 4:18-cv-00501 (E.D. Tex. July 16, 2018); *Wapp Tech LP et al. v. Hewlett-Packard Enter. Co.*, 4:18-cv-00468 (E.D. Tex. July 2, 2018) (collectively, the "Texas Actions"). Counsel for Bank of America, Wells Fargo, and HPE—the same counsel representing Plaintiffs in this matter—filed Motions to Stay the Texas Actions pending either the resolution of Wapp's case against Micro Focus or the resolution of this declaratory judgment action.

In its Oppositions to the Motions to Stay, Wapp pointed out many factual inconsistencies in Micro Focus' and Plaintiffs' allegations that Plaintiffs (and not Micro Focus) should be deemed the "manufacturer" of the Accused Systems. Wapp has requested the Eastern District of Texas to deny the various Motions to Stay or, in the alternative, to grant Wapp jurisdictional discovery to determine whether Plaintiffs should in fact be joined as parties to the ongoing Texas Actions. Wapp respectfully requests this Court to, at a minimum, give the Eastern District of Texas time to decide the pending Motions before addressing whether this action should proceed.

## V. CONCLUSION

For the reasons set forth above, the Court should grant Wapp's Motion to dismiss, stay or transfer these proceedings.

Dated: November 27, 2018

DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE 4241)
1306 N. Broom Street, First Floor
Wilmington, DE 19806
(302)-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on November 27, 2018.

*/s/ Timothy Devlin*
Timothy Devlin