# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> MICRO FOCUS INTERNATIONAL PLC, <br><br> Defendant. | Case No. 4:18-cv-00469-ALM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT MICRO FOCUS INTERNATIONAL PLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FAILURE TO SERVE AND IMPROPER SERVICE OF THE COMPLAINT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ....................................................................2

III. STATEMENT OF FACTS .....................................................................................................3

    A. Micro Focus International Plc ......................................................................................3

    B. Wapp's Purported Service of the Complaint ................................................................5

IV. LEGAL STANDARDS .........................................................................................................6

    A. Personal Jurisdiction .....................................................................................................6

    B. Service of Process .........................................................................................................8

V. ARGUMENT .........................................................................................................................9

    A. This Court Lacks Personal Jurisdiction Over Micro Focus International Plc ............9

    B. The Purported Service of Process on Micro Focus International Plc Was Deficient ......................................................................................................................12

        1. Wapp Did Not Directly Serve Micro Focus International Plc .........................12

        2. Wapp Did Not Indirectly Serve Micro Focus International Plc ......................12

        3. Dismissal Is Proper in View of Wapp's Delay and Lack of Diligence in Serving the Summons ........................................................................................13

VI. CONCLUSION ....................................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ..................................................................................................6

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)..........................................................................................7, 10

*Blue Spike, LLC v. Texas Instruments, Inc.*,
   12-CV-499-MHS, 2014 WL 11829323 (E.D. Tex. Mar. 31, 2014) .........................................6

*Blue Spike, LLC v. ASUS Computer Int'l, Inc.*,
   No. 6:16-CV-1384-RWS, 2018 WL 3301705 (E.D. Tex. Feb. 20, 2018).....................8, 9, 12

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
   444 F.3d 1356 (Fed. Cir. 2006).....................................................................................6, 7, 10

*Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. 2004) .....................................................................11

*Carimi v. Royal Caribbean Cruise Line, Inc.*,
   959 F.2d 1344 (5th Cir. 1992) .................................................................................................8

*Celgard, LLC v. SK Innovation Co., Ltd.*,
   792 F.3d 1373 (Fed. Cir. 2015).............................................................................................7

*Daimler–Benz Aktiengesellschaft v. Olson*,
   21 S.W.3d 707 (Tex. App. 2000)..........................................................................................11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...........................................................................................................6, 9

*Dalton v. R & W Marine, Inc.*,
   897 F.2d 1359 (5th Cir. 1990) ...............................................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)................................................................................................................7

*Green Ice Tech., LLC v. Ice Cold 2, LLC*,
   Civil Action No. 4:17-CV-00341, 2018 WL 3207434 (E.D. Tex. June 29,
   2018) .......................................................................................................................................7

*Johnston v. Multidata Systems Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ..................................................................................................7

*Lozano v. Bosdet*,
   693 F.3d 485 (5th Cir. 2012) .....................................................................................9, 11, 13

# TABLE OF AUTHORITIES

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) ............................................................................................... 10

*Med. Sols., Inc. v. C Change Surgical LLC*,
   541 F.3d 1136 (Fed. Cir. 2008) ................................................................................................ 6

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
   481 F.3d 309 (5th Cir. 2007) ................................................................................................... 7

*Murphy Bros. v. Michetti Pipe Stringing*,
   526 U.S. 344 (1999) ................................................................................................................ 8

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) ................................................................................................ 6

*NexLearn, LLC v. Allen Interactions, Inc.*,
   859 F.3d 1371 (Fed. Cir. 2017) ................................................................................................ 6

*Nutrition Physiology Corp. v. Enviros Ltd.*,
   87 F. Supp. 2d 648 (N.D. Tex. 2000) .................................................................................... 10

*Phonometrics, Inc. v. N. Telecom Inc.*,
   133 F.3d 1459 (Fed. Cir. 1998) .............................................................................................. 10

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) ................................................................................................... 7

**Statutes**

Tex. Bus. Orgs. Code Ann. § 5.201 ............................................................................................... 8

Tex. Bus. Orgs. Code Ann. § 5.251 ............................................................................................... 8

Tex. Bus. Orgs. Code Ann. § 5.255(1) .......................................................................................... 8

**Rules**

Fed. R. Civ. P. 4(f)(1) .................................................................................................................. 11

Fed. R. Civ. P. 4(h)(1) ................................................................................................................... 8

Fed. R. Civ. P. 4(h)(2) ............................................................................................................. 8, 11

Fed. R. Civ. P. 4(m) ...................................................................................................................... 9

Fed. R. Civ. P. 12(b)(5) ................................................................................................................. 8

Tex. R. Civ. P. 106 ...................................................................................................................... 12

I.      INTRODUCTION

Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (together, "Wapp") brought this alleged patent infringement action against a corporate entity that has no connection to Texas and thus is not subject to personal jurisdiction in this Court. The only defendant named by Wapp—Micro Focus International plc ("MF plc")—is a holding company organized and based in the United Kingdom. MF plc has no employees or directors, assets, place of business, or operations in Texas. As such, MF plc is not registered to operate any business in Texas, does not have a registered agent in Texas, and does not conduct business in Texas. Moreover, as a holding company, MF plc does not develop, manufacture, market, sell, or distribute products or services of any kind; hence, it places nothing, including the accused products and functionalities, in the stream of commerce. While certain subsidiaries of MF plc conduct business in Texas, those subsidiaries are wholly separate and distinct from MF plc, and their contacts with Texas cannot be imputed to MF plc. As a result, the Court should dismiss this case for lack of personal jurisdiction.

The Court should also dismiss this case on the independent ground of improper service of process. Even though MF plc, through its counsel, offered to waive service, Wapp attempted service anyway. Rather than properly serving MF plc under the Hague Convention—Wapp knows MF plc is a United Kingdom entity (*see* Compl. (Dkt. No. 1) ¶ 6)—Wapp, through its process server, simply left the summons with an individual (Charlie Parker) walking *outside* of a facility in Plano, Texas, which multiple companies share, including a *subsidiary* of MF plc. But MF plc has no office in that facility. Based on this exchange, Wapp filed a Proof of Service, which stated, under penalty of perjury, that the summons had been served on "Charlie Parker, Office Services, who is designated by law to accept service of process on behalf of Micro Focus International Plc . . ." Summons Returned Executed (Dkt. No. 9) at 2. But Mr. Parker does not work for MF

1

plc or any of its subsidiaries, and certainly was not authorized to accept service of process on behalf of MF plc. Wapp's service of process was improper. Wapp, moreover, has failed to take reasonable steps to serve MF plc in the proper timeframe under Federal Rule of Civil Procedure 4(m) and within the time allotted by this Court. *See* Notice of Impending Dismissal (Dkt. No. 7). Because Wapp failed properly to serve the Complaint, and, to date, has yet to serve the Complaint, respectfully, this Court should dismiss this case.

## II.      STATEMENT OF ISSUES TO BE DECIDED

1.      Does this Court have personal jurisdiction over Defendant Micro Focus International plc, a foreign holding company based in the United Kingdom that has no presence in the state of Texas, has no operations relating to and does not own the products and functionalities accused of infringement in this case, and does not manufacture or distribute any product or service that could find its way through the stream of commerce into Texas?

2.      Did Plaintiffs properly serve the summons in this lawsuit on Defendant Micro Focus International plc when a process server handed the summons to an individual walking outside a building, given that the individual is an employee of a third-party contractor who merely performs shipping and receiving duties for multiple companies including an indirect subsidiary of Defendant, was not authorized to accept service on behalf of Defendant or any of Defendant's subsidiaries, and did not tell the process server that he was so authorized?

3.      Have Plaintiffs been reasonably diligent in attempting to serve the summons in this lawsuit on Defendant Micro Focus International plc, given that Plaintiffs have made no known efforts to serve Defendant in accordance with the Hague Convention, and instead purported to effectuate service on an unauthorized individual as set forth above in Issue #2?

III.  STATEMENT OF FACTS

    A.  **Micro Focus International Plc**

Wapp filed its Complaint in this action on July 2, 2018, and named a single defendant—Micro Focus International plc. Compl. (Dkt. No. 1). MF plc is a holding company organized under the laws of England and Wales, United Kingdom. Compl. (Dkt. No. 1) ¶ 6; Horner Decl. (Ex. A) ¶¶ 2–3. MF plc, whose principal place of business is in Berkshire, England, United Kingdom, has no connection with the State of Texas. Compl. (Dkt. No. 1) ¶ 6; Horner Decl. (Ex. A) ¶¶ 2–3, 6. MF plc does not own, lease, or rent any office space, real property, residence, or place of business in Texas. *Id.* ¶ 6. MF plc is not registered to operate any business in Texas, does not have a registered agent in Texas, and does not conduct business in Texas. *Id.*

As a holding company, MF plc does not develop, manufacture, market, sell, or distribute any product or service of any nature. Horner Decl. (Ex. A) ¶ 3. MF plc, therefore, does not manufacture or distribute any product or service that could find its way through the stream of commerce into Texas. *Id.* Any business operations bearing the Micro Focus name are carried out by various wholly-owned subsidiaries of MF plc. *Id.*

LoadRunner, Performance Center, StormRunner Load, Mobile Center, and Network Virtualization are software products and functionalities that exist within a line of business referred to by MF plc and its subsidiaries as Application Delivery Management ("ADM"). Horner Decl. (Ex. A) ¶ 5. MF plc does not have any operations, anywhere in the world, relating to the ADM line of business (including the aforementioned software products and functionalities), nor does MF plc own the ADM line of business. *Id.* MF plc has no employees who are involved with the operation of the ADM business, including any products or functionalities in the ADM business. *Id.* MF plc, including its board of directors, does not direct the operations or strategic planning (such as with respect to product features, product roadmap, distribution strategy, and marketing

3

strategy) for any products or functionalities in the ADM business. *Id.* The operations and ownership for the ADM line of business—including all research and development, marketing, and sales—are directed by certain indirect, wholly-owned subsidiaries of MF plc.[1] *Id.*

MF plc has a nine-member board of directors and no more than a dozen employees. Horner Decl. (Ex. A) ¶ 2. None of MF plc's board members or employees is based in Texas. *Id.* ¶ 6. No member of MF plc's board sits on the board or serves as an officer or other employee of any of MF plc's subsidiaries that are responsible for operations relating to the ADM line of business. *Id.* ¶ 7.

MF plc is a separate and distinct entity from its subsidiaries. Horner Decl. (Ex. A) ¶ 7. MF plc and its subsidiaries maintain their own corporate, partnership, or limited liability company statuses, identities, and structures. *Id*. MF plc and its subsidiaries observe the proper corporate formalities and operate as separate entities. *Id*. MF plc maintains its corporate records separate from the corporate records of its subsidiaries. *Id.* MF plc files a separate tax return from its subsidiaries. *Id.*

MF plc maintains its own funds and bank accounts, separate from the funds and bank accounts of its subsidiaries. Horner Decl. (Ex. A) ¶ 8. When financial transactions occur between MF plc and its subsidiaries, such transactions are memorialized with formal documentation and reflected in the corresponding entities' financial and accounting records as bona fide transactions. *Id.*

---

[1] Entities responsible for the ADM business, Seattle SpinCo, Inc. and EntIT Software LLC, have filed a declaratory judgment action in the District of Delaware, seeking declarations that the accused software does not infringe the asserted patents and that the asserted patents are invalid. *Seattle SpinCo, Inc. et al. v. Wapp Tech Ltd. P'ship et al.*, Case No. 1:18-cv-01585 (D. Del. filed Oct. 15, 2018).

4

### B. Wapp's Purported Service of the Complaint

Wapp filed its Complaint on July 2, 2018. Compl. (Dkt. No. 1). On September 25, 2018, MF plc, through its counsel, offered to waive service of process under Rule 4(d) of the Federal Rules of Civil Procedure. Reiter Decl. (Ex. B) ¶ 2. While Rule 4(d) provides a defendant located outside the United States up to 90 days from a request for waiver to respond to a complaint, MF plc stated it would respond to Wapp's Complaint by October 30, 2018, only 35 days from the date of offered waived service. *Id.* In connection with that deadline, MF plc also requested that the other companies that Wapp had separately sued (Bank of America Corporation, Wells Fargo & Company, and Hewlett Packard Enterprise Company) also be permitted to respond to their respective complaints by October 30. *Id.* Wapp did not accept MF plc's offer. *Id.*

Instead, on September 26, 2018, Wapp purported to serve MF plc by leaving the summons with an unauthorized individual found walking outside a multi-company facility in which a subsidiary of MF plc has office space. *See* Summons Returned Executed (Dkt. No. 9) at 2; Parker Decl. (Ex. C) ¶ 1–3. Specifically, Wapp's process server, Gean Smith, while inside a car and without identifying himself, handed the summons to an individual, Charlie Parker, who was walking outside from the parking garage, returning to work from his lunch break. *See* Summons Returned Executed (Dkt. No. 9) at 2; Parker Decl. (Ex. C) ¶ 2–3. Mr. Parker is not an employee of MF plc or any other Micro Focus entity, nor did he tell Mr. Smith that he was. *Id.* ¶ 4. Mr. Parker, who works for a third-party contracting company, ISS Facility Services, Inc. ("ISS"), handles shipping and receiving duties for certain companies located at the facility, including EntIT Software LLC, an indirect subsidiary of MF Plc. *See id.* ¶ 1; Horner Decl. (Ex. A) ¶ 9.

Mr. Parker was not asked whether, nor did not tell Mr. Smith that, the facility at which he worked had any connection to MF plc. Parker Decl. (Ex. C) ¶ 4. Mr. Parker also did not tell Mr. Smith, nor was he asked by Mr. Smith, that he was authorized to accept service of process on

5

behalf of any entity, including MF plc. *Id.* ISS is not a corporate affiliate of (*i.e.*, under common ownership with) MF plc or any of its subsidiaries. Horner Decl. (Ex. A) ¶ 10. Neither Mr. Parker nor any other ISS employee is authorized to accept service of process on behalf of MF plc; indeed, MF plc has no registered agent for service of process in the State of Texas. *Id.* ¶¶ 6, 10.

Nevertheless, Wapp represented to this Court that Mr. Smith's handing of the summons to Mr. Parker in Plano constituted service of process for this case. Summons Returned Executed (Dkt. No. 9) at 1–2. Wapp's filing included a declaration by Mr. Smith that Mr. Parker was an "office services" employee who was "designated by law to accept service of process on behalf of Micro Focus International." *Id.* at 2.

For the reasons explained below, MF plc brings this motion to dismiss on three grounds. First, MF plc is not subject to personal jurisdiction in this Court. Second, Wapp's service of process on MF plc was deficient. Third, Wapp has yet to serve MF plc and the time to do so has expired.

## IV. LEGAL STANDARDS

### A. Personal Jurisdiction

Personal jurisdiction in patent cases, which Federal Circuit law governs,[2] is determined by a two-part test: "First, jurisdiction must exist under the forum state's long-arm statute. Second, the assertion of personal jurisdiction must be consistent with the limitations of the due process clause." *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008) (citation omitted). The Texas long-arm statute extends the reach of personal jurisdiction to the limits of the United States Constitution. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Therefore, in Texas, the analysis distills to whether the exercise of personal jurisdiction is

---

[2] *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017).

6

appropriate under the due process clause of the U.S. Constitution. *New World Int'l*, 859 F.3d at 1037; *Blue Spike, LLC v. Texas Instruments, Inc.*, 12-CV-499-MHS, 2014 WL 11829323, at *1 (E.D. Tex. Mar. 31, 2014).

"The Due Process Clause requires that there exist sufficient 'minimum contacts' such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). This test can be satisfied if the circumstances warrant either general jurisdiction or specific jurisdiction. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375–76 (Fed. Cir. 2017). For general personal jurisdiction, a corporation's affiliations with the State must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). For specific jurisdiction, the Federal Circuit employs a "three-prong test" that consists of determining whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm.*, 444 F.3d at 1362–63.

"In the procedural posture of a motion to dismiss, a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (emphasis in original, citation omitted, punctuation omitted). A defendant can controvert the allegations in a complaint by submitting affidavits or declarations. *Id.*; *see also Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982); *Green Ice Tech., LLC v.*

7

*Ice Cold 2, LLC*, Civil Action No. 4:17-CV-00341, 2018 WL 3207434, at *3 (E.D. Tex. June 29, 2018) (granting motion to dismiss for lack of personal jurisdiction in part based on affidavits submitted by defendants).

The burden is on the plaintiff to prove that personal jurisdiction exists. *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (plaintiff bears initial burden of proving personal jurisdiction; if plaintiff can make the showing, defendant bears the burden of proving that the exercise of jurisdiction would be unreasonable); *see also Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("[P]laintiff bears the burden of establishing a district court's jurisdiction over a non-resident.").

**B.     Service of Process**

Federal Rule of Civil Procedure 12(b)(5) allows a party to challenge service of process if that service of process does not comply with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 12(b)(5). Absent service, a court "ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Federal Rule of Civil Procedure 4(h) sets forth the requirements for serving a corporation. The Rule draws a distinction between domestic and foreign service. Domestic service can be executed "in the manner prescribed by Rule 4(e)(1) for serving an individual," or by delivering a copy of the summons "to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) authorizes service wherein the plaintiff "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice

8

president, or, if the corporation does business in the state and fails to maintain a registered agent, a plaintiff may serve the Texas Secretary of State instead. *See* Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.251, 5.255(1).

Service of a corporation outside the United States—for example, if there are no domestic contacts to be served—may be performed "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *See* Fed. R. Civ. P 4(h)(2); *see also Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-RWS, 2018 WL 3301705, at *3 (E.D. Tex. Feb. 20, 2018) (service of a defendant outside the U.S. "is governed by Federal Rule of Civil Procedure 4(h), which allows for the service of a corporation in any manner prescribed by Rule 4(f) except for personal delivery").

Alternatively, in narrow circumstances, a plaintiff may serve a foreign entity indirectly, by serving a domestic subsidiary. Such service is valid *only if* the foreign defendant has "actually authorized the subsidiary to accept service of process on its behalf," or if "the relationship between the subsidiary and parent is such that they are in reality the same corporation. Typically, this requires the corporate separation to be fiction." *Id.* at *4.

For domestic service, if a defendant is not served within ninety days after the complaint is filed, the court ordinarily must dismiss the case. Fed. R. Civ. P. 4(m). For foreign service, the case should be dismissed if the plaintiff does not exercise diligence in trying to execute service. *See Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012).

## V. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Micro Focus International Plc

As explained, MF plc has no contacts with Texas. MF plc is an English and Welsh holding company with its principal place of business in the United Kingdom. Horner Decl. (Ex. A) ¶¶ 2–3. MF plc does not own, lease, or rent any office space, real property, residence, or place of

9

business in Texas. *Id.* ¶ 5. MF plc is not registered to operate in Texas, does not have a registered agent in Texas, and does not conduct business in Texas. *Id*. None of its employees work or reside in Texas. *Id.* It does not develop, manufacture, market, sell, or distribute any product or service of any nature, and it therefore does not manufacture or distribute any product or service that could find its way through the stream of commerce into Texas. *Id.* ¶ 3.

Because MF plc has no contacts with Texas, it lacks sufficient "continuous and systematic" contacts "as to render [it] essentially at home in the forum State" for purposes of general jurisdiction. *Daimler AG*, 571 U.S. at 138 (2014) (citation omitted). MF plc also is not subject to specific jurisdiction because it does not develop, manufacture, market, sell, or distribute any product or service, let alone the accused products and functionalities from the ADM line of business, and thus has not "purposefully directed its activities at residents of the forum, [wherein] the claim arises out of or relates to those activities." *See Autogenomics*, 566 F.3d at 1018; *Breckenridge Pharm.*, 444 F.3d at 1362–63.

MF plc does not lease the space nor conduct business at the Plano, Texas address identified in Wapp's Complaint. *See* Compl. (Dkt. No. 1) ¶¶ 8, 10–11; Horner Decl. (Ex. A) ¶ 6. Instead, that space is used by EntIT Software LLC, a subsidiary of Seattle SpinCo, Inc.; both Seattle SpinCo, Inc. and EntIT Software LLC are indirect, wholly-owned subsidiaries of MF plc. Horner Decl. (Ex. A) ¶ 9.

EntIT Software LLC's operations in Texas, moreover, cannot be imputed to MF plc.[3] Indeed, ownership of a subsidiary does not subject a parent company to personal jurisdiction in a

---

[3] Wapp references a September 7, 2016 "Separation and Distribution Agreement between HPE and Micro Focus [International Plc]." Compl. (Dkt. No. 1) ¶ 20. Wapp misrepresents the parties to this agreement. Contrary to Wapp's allegation, MF plc is *not* a party; instead, as the cover and very first page reveal, the agreement is between Hewlett Packard Enterprise Company and

10

state in which the subsidiary does business. *See, e.g.*, *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (affirming dismissal for lack of jurisdiction over a Delaware corporation because "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent").

In narrow circumstances, a court may gain personal jurisdiction over an entity based on a subsidiary's connection to the state, but only when the corporate veil can be pierced. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990); *see also Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 655–57 (N.D. Tex. 2000). Wapp has not raised any allegation suggesting that MF plc does not respect the corporate form, and any such allegation would be false. As explained, MF plc and its subsidiaries maintain independent corporate statuses, identities, and structures, observe proper corporate formalities, maintain separate books and records, file separate tax returns, keep separate bank accounts, and formally document financial transfers. Horner Decl. (Ex. A) ¶¶ 7–8. Under these facts, veil-piercing is inappropriate. *Daimler–Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 720–21 (Tex. App. 2000) (enumerating veil-piercing factors).

In short, MF plc itself has no connection to Texas, and therefore this Court lacks personal jurisdiction over MF plc. On that basis, this case should be dismissed.

---

Seattle SpinCo, Inc.—EntIT Software LLC's parent entity. *See* Separation Agreement, *available online at* https://www.sec.gov/Archives/edgar/data/1645590/000119312516703457/d251902dex22.htm.

  **B.**  **The Purported Service of Process on Micro Focus International Plc Was Deficient**

Wapp has not complied with Federal Rule of Civil Procedure 4(h), which sets forth rules for service of corporations.

  **1.**  **Wapp Did Not Directly Serve Micro Focus International Plc**

Because MF plc has not been served in the United States, *see* Section II.A, *supra*, direct service on MF plc would have had to occur outside the United States under Rule 4(f). *See* Fed. R. Civ. P. 4(h)(2). If the foreign country in which service is to take place is a signatory to the Hague Convention or similar international agreement, that agreement controls. *See* Fed. R. Civ. P. 4(f)(1). "[B]oth the United States and the United Kingdom are signatories to the Hague Convention," so service in England or Wales would be governed by the Hague Convention. *Brockmeyer v. May*, 361 F.3d 1222, 1225 (9th Cir. 2004), *opinion superseded on other grounds*, 383 F.3d 798. Hague service generally requires the use of a Central Authority or hiring of foreign process servers (in this case, British) to serve in the foreign country. *See Lozano*, 693 F.3d at 490. Wapp did not do this, and therefore Wapp did not effectuate direct service on MF plc. *See* Summons Returned Executed (Dkt. No. 9).

  **2.**  **Wapp Did Not Indirectly Serve Micro Focus International Plc**

As an alternative to direct service, a plaintiff may serve a defendant indirectly in certain circumstances. *Blue Spike LLC*, 2018 WL 3301705, at *3–4. To have properly executed indirect service, Wapp must have served a person "actually [] authorized to accept service of process on [MF plc's] behalf," or Wapp must have served the alter ego of MF plc. *Id.* at *4–5.

Wapp's process server, Mr. Smith, purported to serve the summons by handing it from inside a car to Mr. Parker outside at a facility in Plano, Texas. Parker Decl. (Ex. C) ¶¶ 2–3. As explained, however, Mr. Parker was not authorized to accept service on behalf of MF plc (or any

12

of its subsidiaries). Horner Decl. (Ex. A) ¶ 10. Mr. Parker did not tell Mr. Smith that he was so authorized, nor did Mr. Smith ask if he was. Parker Decl. (Ex. C) ¶ 4. Mr. Parker, who is employed by a third-party contracting company, not by MF plc or any of its subsidiaries, merely handles shipping and receiving duties for an indirect MF plc subsidiary and other, unrelated companies at the Plano facility. *Id.* ¶ 1; *see also* Horner Decl. (Ex. A) ¶ 9–10. As a result, Wapp did not effectuate service by handing the summons to Mr. Parker.

Likewise, given the lack of any allegation, much less evidence, that MF plc's subsidiary in Texas is MF plc's alter ego—the evidence is to the contrary—Wapp has no basis to assert proper service under an alter ego theory. For the reasons discussed above in the context of lack of personal jurisdiction over MF plc, EntIT Software LLC is not an alter-ego of MF plc such that it could have accepted service on behalf of MF plc. *See supra* § 4.A. Moreover, Wapp's purported personal service on Mr. Parker would not have constituted service on EntIT Software LLC for the same reasons it did not constitute service on MF plc; Mr. Parker is not authorized to accept service on behalf of any subsidiary of MF plc. Horner Decl. (Ex. A) ¶ 10. Further, under Texas law, even if Wapp had sought to serve EntIT Software LLC in person at the Plano facility, it would have needed advance permission from the Court to do so—which Wapp did not obtain. *See* Rule 106(b) of the Texas Rules of Civil Procedure.

### 3. Dismissal Is Proper in View of Wapp's Delay and Lack of Diligence in Serving the Summons

Federal Rule of Civil Procedure 4(m) requires that domestic service be completed within 90 days. In the absence of a specific time limitation for foreign service, the Fifth Circuit has adopted a "flexible due diligence" standard. *Lozano*, 693 F.3d at 488–89. Where a plaintiff cannot demonstrate due diligence in executing foreign service, the complaint should be dismissed. *Id.*

13

There is no evidence that Wapp has attempted foreign service, much less done so with diligence. MF plc's counsel made a reasonable proposal to Wapp that would have allowed service to be waived, but Wapp did not accept that proposal. Reiter Decl. (Ex. B) ¶ 2. Instead, Wapp made an attempt at personal service, which was improper for the reasons discussed above. Moreover, Wapp's makeshift effort to serve MF plc, particularly when contrasted with Wapp's service on Hewlett Packard Enterprise Company, Bank of America Corporation, and Wells Fargo & Company, all of which Wapp has also sued in this Court, demonstrates an understanding by Wapp that MF plc had no available registered agent and, as a foreign company, could not be served directly in United States. Indeed, Wapp served a registered agent of each of Hewlett Packard Enterprise Company, Bank of America Corporation, and Wells Fargo & Company.[4] Wapp has not shown proper diligence in serving the Complaint in this case, and this case should be dismissed for that reason as well.

## VI. CONCLUSION

MF plc respectfully requests that this Court dismiss Wapp's Complaint on three, independent grounds. First, the Court should dismiss this case because the Court lacks personal jurisdiction over MF plc. Second, the Court should dismiss this case because Wapp has not properly served MF plc. Third, the Court should dismiss this case because Wapp has failed to serve MF plc within the time prescribed by Federal Rule of Civil Procedure 4(m), nor has Wapp used reasonably diligent efforts to do so.

---

[4] *See Wapp Tech Ltd. v. Hewlett Packard Enter. Co.*, No. 4:18-cv-00468-ALM (E.D. Tex. filed July 2, 2018) (Dkt. No. 8); *Wapp Tech Ltd. v. Wells Fargo & Co.*, No. 4:18-cv-00501-ALM (E.D. Tex. filed July 16, 2018) (Dkt. No. 6); *Wapp Tech Ltd. v. Bank of Am. Corp.*, No. 4:18-cv-00519-ALM (E.D. Tex. filed July 20, 2018) (Dkt. No. 7).

14

Dated: October 17, 2018        By: */s/ Mark Reiter*
                                                                    Mark Reiter
                                                                    Lead Attorney
                                                                    Texas State Bar No. 16759900
                                                                    mreiter@gibsondunn.com
                                                                    **GIBSON, DUNN & CRUTCHER LLP**
                                                                    2100 McKinney Avenue, Suite 1100
                                                                    Dallas, TX 75201-6912
                                                                    Telephone: 214.698.3360
                                                                    Facsimile: 214.571.2907

                                                                    Neema Jalali
                                                                    njalali@gibsondunn.com
                                                                    **GIBSON, DUNN & CRUTCHER LLP**
                                                                    555 Mission Street, Suite 3000
                                                                    San Francisco, CA 94105
                                                                    Telephone: 415.393.8200
                                                                    Facsimile: 415.374.8409

                                                                    *Attorneys for Defendant Micro Focus International plc*

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

>  /s/ Mark Reiter
>  Mark Reiter