# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEATTLE SPINCO, INC. and ENTIT SOFTWARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Defendants. | C.A. No. 1:18-cv-01585-RGA <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **REDACTED VERSION: FILED : JAN. 2, 2019** |

### FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION

### DEFENDANTS' REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS, TRANSFER OR STAY

Timothy Devlin (DE 4241)
Devlin Law Firm LLC
1306 N. Broom Street, First Floor
Wilmington, DE 19806
(302)-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Defendants*

Dated: December 26, 2018

**TABLE OF CONTENTS**

I.   Introduction ................................................................................................................... 1

II.  Argument ....................................................................................................................... 2

    A.   Plaintiffs' Allegations that Wapp Intentionally Mis-Named Parties Are Incorrect and Cannot Support Maintaining this Action ................................................................... 2

        1.   Plaintiffs' Assertion that Wapp Willfully Sued the Wrong Party in Texas Is Both Wrong and Illogical ................................................................................................. 2

        2.   Wapp Continues to Believe that the Proper Party Was Named in the Texas Action, Particularly Given Micro Focus's Post-Complaint Representations ...................... 3

        3.   Plaintiffs' Arguments as to Proper Party and Service Have Already Been Briefed Before the Texas Court, That Court Has Ordered Discovery Thereon, and that Court Should Be Allowed to Resolve Those Issues ......................................................... 5

    B.   Plaintiffs' Assertion of Subject Matter Jurisdiction Confirms that Texas is the First-Filed Action ................................................................................................................ 5

    C.   The Party and Jurisdictional Issues Are Best Resolved by the Texas Court .................... 8

        1.   This Court Should Not Duplicate the Efforts of the Texas Court .............................. 8

        2.   Texas Is a More Convenient Venue ........................................................................ 9

    D.   At a Minimum, this Case Should Be Stayed During Relevant Jurisdictional Discovery and Motion Practice in Texas ....................................................................................... 9

III. Conclusion .................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
737 F.3d 704 (Fed. Cir. 2013) ........................................................................................ 8

*In re Mobile Telecommunications Techs., LLC*,
243 F.Supp.3d 478 (D. Del. 2017) ................................................................................. 7

*Jefferson Ward Stores, Inc. v. Doody Co.*,
560 F. Supp. 35 (E.D. Pa. 1983) .................................................................................... 8

*Time Warner Cable, Inc. v. GPNE Corp.*,
497 F.Supp.2d 584 (D. Del. 2007) .............................................................................. 6,7

i

I.      INTRODUCTION

Plaintiffs' principal opposition to Wapp's Motion to Dismiss is an accusation that Wapp *intentionally* decided to sue the wrong parties.  In making this argument, Plaintiffs implicitly concede that an innocent mistake in naming the correct corporate entities in the Eastern District of Texas actions would preclude Plaintiffs' second-filed suit in this Court.  Plaintiffs' problem is that its premise of intentional malfeasance is factually incorrect (contradicted for example by and by a Micro Focus press release).  Indeed, such a strategy of malfeasance would make no sense since Wapp has every reason to join the right parties, if only to avoid unnecessary procedural machinations such as those embodied by this second action.

Plaintiffs' opposition arguments are also internally inconsistent.  On the one hand, Plaintiffs contend that there is a justiciable controversy involving them that supports jurisdiction in this Court because the Plaintiffs are allegedly "responsible for" the accused products.  On the other hand, Plaintiffs argue that the Texas case is not the first-filed because somehow the Texas court did not "take possession" of the subject matter of the suit that Plaintiffs have now brought here.  But Plaintiffs cannot have it both ways – either: (a) the Texas suit addresses a justiciable controversy as to whether or not the accused products infringe that is sufficient to implicate Plaintiffs, in which case the Texas suit is properly the first-filed suit over that activity; or (b) the Texas suit did not create such a justiciable controversy implicating the Plaintiffs, in which case this Court would not have jurisdiction because the Plaintiffs have never been accused.  Under either scenario, the present action should be dismissed in favor of the Texas suit.

Moreover, while Wapp continues to believe that it served the appropriate party in the Texas action, that issue can be readily – and best – resolved in Texas.  Indeed, the Texas court has now ordered that the parties undertake jurisdictional discovery over the next thirty days.

1

That discovery should proceed and the issues of the appropriate parties should be addressed there.  Plaintiffs offer no reason why a Delaware action is preferable to Wapp's choice of venue in Texas and Wapp remains entitled to its choice of forum as the first to file.  This case should be dismissed, transferred or stayed in favor of the first-filed proceeding in the Eastern District of Texas.

**II.    ARGUMENT**

    **A.    Plaintiffs' Allegations that Wapp Intentionally Mis-Named Parties Are Incorrect and Cannot Support Maintaining this Action**

        **1.    Plaintiffs' Assertion that Wapp Willfully Sued the Wrong Party in Texas Is Both Wrong and Illogical**

Plaintiffs' Opposition repeatedly asserts that Wapp *intentionally* chose to sue the wrong parties in the Texas action, using characterizations such as "deliberately avoided" (D.I. 12 at 1 - twice), "deliberate decision" (*id.* at 2), "indisputably knew" (*id.* at 11), "intent to, at any cost, pursue its claims against the wrong parties (*id.* at 11), and "despite that knowledge, Wapp chose to sue only MF plc for its own strategic reasons" (*id.* at 16). This ascription of bad motive is baseless, incorrect, and nonsensical.

First, as discussed in the next sub-section below, Wapp believed that it was suing the proper party in the Texas action and certainly had no intention of suing the wrong party.  (*See* the co-filed Declaration of John Lowe, particularly at ¶¶4-5 and 22.)  While Plaintiffs may question Wapp's view of the facts, they cannot properly, and should not, question Wapp's motives.

Second, Plaintiffs offer no reason as to why Wapp would even want to sue the wrong party, a nonsensical tactic that would only lead to unnecessary litigation and delay (as evidenced by these proceedings).  Wapp has nothing to gain by bringing suit against a party who cannot provide Wapp with the relief that it seeks.  It is common sense that Wapp has every reason to

join the right parties at the outset in order to quickly and completely obtain its entitled recovery. As set forth below, that is exactly what Wapp intended to do.

> 2. **Wapp Continues to Believe that the Proper Party Was Named in the Texas Action,**

While Plaintiffs accuse Wapp of "hiding the ball" because (according to Plaintiffs) Wapp knew that it was Plaintiffs that it should have sued, the actuality is that, if anyone was hiding the ball, it was Plaintiffs and their corporate parent Micro Focus. As was detailed to the Eastern District of Texas court in Wapp's Opposition to Defendant Micro Focus International PLC's Motion to Dismiss (Ex. 15 at 4-7)[1] and in Wapp's opening brief here (D.I. 10), Wapp has a more than sufficient basis for believing that Micro Focus was, and is, the correct party for Wapp to have sued and that it was entirely appropriate to sue Micro Focus in the Eastern District of Texas given Micro Focus's presence there.

This basis is further explained in the accompanying Declaration of John Lowe, the President of Wapp Tech. Corp. (Lowe Decl. at ¶¶6-14.) In particular, in its September 1, 2017, press release announcing the merger with HPE's software business, Micro Focus repeatedly stated that it was Micro Focus who was now in control of the software at issue and, for example, that "the Material is now offered by Micro Focus, a separately owned and operated company." (Ex. 18 at 3.) Contrary to Plaintiffs' protestations that Wapp relied on "false inferences from the use of common trade names" (D.I 12 at 9), this press release clearly states that Micro Focus is, for example, "designed from the ground up to build, sell and support software" (Ex. 18 at 2).

Also significant is what happened in the Texas action *after* suit was filed.

---

[1] Unless otherwise indicated, Exhibits referenced in this brief refer to the Exhibits attached to the co-filed Declaration of Timothy Devlin in Support of Defendants' Reply in Support of Its Motion To Dismiss, Transfer or Stay.

3



further confirms that, at a minimum, Wapp has additional bases for continuing to believe that its originally-named defendant was the correct entity.[2]

---

[2] Conversely, Plaintiffs' Opposition inaccurately implies that perhaps Wapp's attorneys committed an ethical violation by contacting a Micro Focus employee. (Plaintiffs' Opp. at 12 n.11.) As explained by Mr. Poulin in his co-filed Declaration,

4

      **3.**      **Plaintiffs' Arguments as to Proper Party and Service Have Already Been Briefed Before the Texas Court, That Court Has Ordered Discovery Thereon, and that Court Should Be Allowed to Resolve Those Issues**

Plaintiffs' allegations that Micro Focus was never properly served in the Texas action have already been debunked in Wapp's Opposition to the Micro Focus Motion To Dismiss filed there (Ex. 15 at 7-8)[3] and, in particular, in the Declaration of Gean O. Smith that accompanied that Opposition (Ex. 16).  As discussed in those papers, Federal Rule of Civil Procedure 4(m) instructs the court to "dismiss the action without prejudice against that defendant or order that service be made within a specified time" if the defendant "is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  Thus, should the Texas court find that, despite its reasonable efforts, Wapp failed to properly serve Micro Focus, the court there can readily provide Wapp a reasonable time either properly to serve Micro Focus or to obtain Micro Focus's unambiguous waiver or acceptance of service.

Just as importantly, the Texas court has now ordered that the parties undertake jurisdictional discovery within fifteen days, (Ex. 14), so it is clear that the Texas court will be fully examining the jurisdictional issues.  Once that discovery is complete, the Texas actions can move forward with the correct parties.  There is no compelling reason for this Court to inject itself into that process or to duplicate the effort being undertaken in Texas.

      **B.**      **Plaintiffs' Assertion of Subject Matter Jurisdiction Confirms that Texas is the First-Filed Action**

Plaintiffs go to great lengths in arguing that the Texas action gives rise to a justiciable controversy *involving Plaintiffs* sufficient to support jurisdiction here.  (Plaintiff's Opp. at 6-14.) This argument, however, is entirely *inconsistent* with Plaintiffs' subsequent argument that the

---

[3] Those Opposition papers also detail Micro Focus' many ties to the Eastern District of Texas. (*See, e.g., id.* at 4-7.)

present action should be considered the first-filed action.  (*Id.* at 14-16.)  Plaintiffs cannot have it both ways, and either scenario provides a dispositive basis for dismissing this action.

Since no one disputes that Wapp has never directly accused Plaintiffs of infringement, Plaintiffs' allegations that there is a justiciable controversy ***involving Plaintiffs*** are necessarily based on the Texas actions against Micro Focus and others.  Thus, for this Court to accept that there is jurisdiction here to entertain a declaratory judgment action brought by Plaintiffs, it must first be accepted that there is an earlier-filed suit—namely the Texas action—threatening Plaintiffs' products and customers in a manner that sufficiently implicates Plaintiffs themselves.  Under this contention, all of the normal considerations that favor honoring Wapp's choice of forum and deferring to the first-filed suit impel a conclusion that this action should be dismissed (or, at a minimum, transferred or stayed).

Alternatively, Plaintiff's concurrent argument that the Texas action should ***not*** be considered the first-filed action necessarily rests on: (1) concluding that whatever happened in the Texas action was insufficient to establish that the Texas court had "possession of the subject"; and (2) accepting that the parties here are different than those in the Texas action.  (Plaintiffs' Opp. at 14-15.)  Under this scenario, Plaintiffs are insufficiently implicated in the Texas action to warrant their potential inclusion there.  If this conclusion is accepted, however, then Plaintiffs' argument that there is jurisdiction for them to bring this suit fades away and this action should be dismissed for lack of jurisdiction.

Either way, this action should be dismissed, transferred, or stayed.

Indeed, Plaintiffs' argument that, should they be later added to the Texas action, this action would then be the first-filed action against them (Plaintiffs' Opp. at 15-16) has been specifically rejected by at least one court in this District.  *See Time Warner Cable, Inc. v. GPNE Corp.*, 497 F.Supp.2d 584, 588-89 (D. Del. 2007).  There, as here, a first action was filed in

Texas that did not name a party – TWC – who subsequently filed suit in Delaware.  Expressly distinguishing certain Third Circuit precedent, Magistrate Judge Thynge rejected TWC's argument that, since it was not a defendant in the Texas litigation when that litigation was initiated, it was the first-to-file with the "same" parties and the "same" issues.  The Delaware action was dismissed:

> Since the two cases both involve the same facts and the same patent, trying the matter in two different courts would defeat the reasoning behind the first-to-file rule. Therefore, because the Eastern District of Texas initially had jurisdiction over the subject of the Delaware matter, GPNE's choice of forum should be shown deference and the Delaware case should be dismissed.

*Id.*, 497 F.Supp.2d at 589-90.

> Moreover, the Court chided the declaratory plaintiff for potential forum-shopping:
>
> TWC's decision to file suit in Delaware after GPNE's suit against TWI could . . . be considered an example of forum shopping.  Even if this case was considered the first-filed, the declaratory judgment action appears to be in anticipation of TWC being added as a defendant in Texas . . . .  Since TWI is an 84% owner of TWC, TWC was likely aware of the Texas litigation and the potential to become a defendant in that lawsuit. Therefore, had the instant case been considered the first-filed action, there could potentially be grounds for dismissal or transfer based on forum shopping.

*Id.* at 590-91.  Here, as there, Plaintiffs' forum shopping should be rejected and the case dismissed.

Plaintiffs' citation to *In re Mobile Telecommunications Techs., LLC*, 243 F.Supp.3d 478, 483 (D. Del. 2017), as relevant to the issue of "possession of the subject" is inapposite.  In that case, unlike the present one, fourteen different actions had already been coordinated by the Judicial Panel on Multidistrict Litigation and, critically, the actions in Texas were against only certain customers such that the action in Delaware against the manufacturer was found to be significantly broader.  "[G]iven the facts that ARRIS is not a party to the earlier Texas Actions *and* that this case has a much broader scope, the cases are sufficiently different such that the first-filed rule does not apply." *Id.*, 243 F.Supp.3d at 485 (emphasis in original).

7

Moreover, Plaintiffs' citation of that case for the proposition that the first-filed rule does not apply "if there are challenges to that court's jurisdiction" (Plaintiffs' Opp. at 14-15) is readily distinguishable.  In that case, one defendant of the many sued in Texas ***had already obtained*** dismissal of its Texas action for lack of personal jurisdiction and the court thus concluded that there was no first-filed case ***as to that single defendant.***  In Plaintiffs' other cited case, *Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35, 36–37 (E.D. Pa. 1983), unlike here, both actions at issue involved the same parties.  Moreover, the court simply denied without prejudice a motion to dismiss the second action, essentially deferring the first-filed issue until a pending motion to dismiss for lack of personal jurisdiction was decided.

### C. The Party and Jurisdictional Issues Are Best Resolved by the Texas Court

#### 1. This Court Should Not Duplicate the Efforts of the Texas Court

The issues of who are the appropriate parties and whether or not there is personal jurisdiction over them have already been fully joined in Texas.  The Texas court has recently ordered jurisdictional discovery to take place within thirty days (Ex. 14). Given all of that,

> there is likewise no doubt that keeping the issue in the Texas case will serve key objectives of the first-to-file rule, including minimization or avoidance of "duplication of effort, waste of judicial resources, and risk of inconsistent rulings that would accompany parallel litigation." *Futurewei Techs.*, No. SACV 12–0511, Slip Op. at 9.

*Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

The instant declaratory judgment action was filed months after the Texas action.  The parties to that Texas action and the court there have been addressing, and are continuing to address, the very issues raised here.  Jurisdictional discovery has been ordered.  If there happens to be a mis-named party in that action, or if additional parties should be added there, that can all be handled in the Texas court, without any need for this Court to waste its judicial resources in a duplicative effort that could easily result in inconsistent rulings.

### 2. Texas Is a More Convenient Venue

In addition, this action still should be dismissed, transferred or stayed in favor of the Texas actions because both "judicial and litigant economy" and "just and effective disposition of disputes" weigh in favor of the Texas actions. Micro Focus appears to have continuous and systematic contacts in Texas (as discussed in Ex. 15 at 4-7 and in the co-filed Lowe Declaration at ¶¶6-14). Notably, Plaintiffs have not even attempted to allege to this Court that there is a nexus of documents and employees in Delaware that would somehow make this Court a more convenient or economical venue than the one in Texas. Moreover, there are four pending suits in Texas involving the same subject matter, making that court more convenient overall for handling those multiple actions.

### D. At a Minimum, this Case Should Be Stayed During Relevant Jurisdictional Discovery and Motion Practice in Texas

Even if this Court decides not to dismiss this action or transfer it to Texas, the Court should, at a minimum, stay this action pending resolution of various motions in the Eastern District of Texas (discussed in Wapp's Opening Brief, D.I. 10 at 9) and the recently-ordered jurisdictional discovery there (Ex. 14). Wapp has requested that the Eastern District of Texas deny the various Motions to Stay and has been allowed jurisdictional discovery to determine whether or not Plaintiffs should in fact be joined as parties to the ongoing Texas actions. This Court should at the very least stay this action until the Eastern District of Texas has had a chance to decide those issues.

## III.   CONCLUSION

Because this Court does not have subject matter jurisdiction over Plaintiffs and this action is not the first-filed, the Court should grant Wapp's Motion to Dismiss, Stay or Transfer these proceedings.


Dated: December 26, 2018                                       DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE 4241)
1306 N. Broom Street, First Floor
Wilmington, DE  19806
(302)-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic filing on December 26, 2018.

*/s/ Timothy Devlin*
Timothy Devlin