IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEATTLE SPINCO, INC. and ENTIT SOFTWARE LLC,<br><br>                      Plaintiffs,<br><br>       v.<br><br>WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.,<br><br>                      Defendants. | )<br>)<br>)  C.A. No. 18-1585-RGA<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)  **PUBLIC VERSION**<br>)<br>)<br>) |

**PLAINTIFFS SEATTLE SPINCO, INC. AND ENTIT SOFTWARE LLC'S
MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE
TO DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO DISMISS, TRANSFER OR STAY</u>**

OF COUNSEL:

Mark Reiter
GIBSON DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Tel: (214) 698-3360

Neema Jalali
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel: (415) 393-8258

Andrew Robb
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5334

Dated: January 9, 2019
6047533 / 45495

Public Version Dated: January 17, 2019

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Jennifer Penberthy Buckley (#6264)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com
jbuckley@potteranderson.com

*Attorneys for Plaintiffs Seattle SpinCo, Inc.
and EntIT Software LLC*

Pursuant to D. Del. LR 7.1.2(b), Plaintiffs Seattle SpinCo, Inc. and EntIT Software LLC (together, "Plaintiffs") respectfully request leave to file a targeted sur-reply, attached hereto as Exhibit 1, in response to new arguments and evidence raised in Defendants Wapp Tech Limited Partnership and Wapp Tech Corp.'s (together, "Wapp's") Reply in Support of Wapp's Motion to Dismiss, Transfer, or Stay (D.I. 16, "Reply").

## NEW ISSUES AND AUTHORITY

As explained below, Plaintiffs' proposed sur-reply provides a targeted response to new arguments, evidence, and legal authority that were raised for the first time in Wapp's Reply that Wapp could have raised in its opening brief. Defendants' proposed sur-reply does not address any issues in Wapp's Reply that were timely addressed therein.

More specifically, the new issues in Wapp's Reply that are addressed in Plaintiffs' proposed sur-reply attached hereto are as follows:

[redacted]

### *New Evidence and Argument Relating to Wapp's Purported "Mistake" in Suing MF plc*

After months of litigation regarding whether Wapp sued the proper defendant in its Eastern District of Texas infringement suit against MF plc, Wapp now presents argument and evidence for the first time in its Reply allegedly justifying its decision to bring suit against MF plc in Texas. *See* Reply at 1, 2–4 (discussing a new, ▬▬▬▬ declaration by John Lowe, Wapp Tech Corp.'s self-described President, and exhibits cited therein). This is a different approach from what Wapp asserted in its opening brief. *See, e.g.*, D.I. 10 (Mot.) at 2 ("Contrary to Plaintiffs' allegations in this action, substantial evidence indicates that Micro Focus [International plc] is in fact responsible for the infringing activity."); *id.* at 3 ("Other information confirms Micro Focus [International plc]'s involvement with the accused products."); *see also* D.I. 13-1 at Ex. 10 (Wapp's Opp. To MF plc's Mot. to Dismiss Tex. Action) at 4 ("Micro Focus [International plc] repeatedly holds itself out as conducting business in Texas and having employees that work or reside in Texas."). While Wapp vaguely referenced a "mistake" in its opening brief, *see* Mot. at 7–8, Wapp saved its actual argument and new evidence for the Reply, thereby preventing Plaintiffs from addressing those issues in their opposition brief. As such, Plaintiffs' proposed sur-reply explains why Wapp's new argument and evidence relating to Wapp's purported "mistake" in suing MF plc in Texas is both incorrect and irrelevant.

### *Newly Cited Case Law Relating to Which Case Is the "First-Filed"*

Finally, Wapp's Reply relies upon and discusses *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007), for the proposition that its Eastern District of Texas case against MF plc was the "first filed" case. *See* Reply at 6–7. Wapp did not reference *Time Warner* in its opening brief. *See* Mot. at 7–8. Plaintiffs' proposed sur-reply explains in a footnote why *Time Warner* is inapposite here.

2

## LEGAL AUTHORITY SUPPORTING MOTION

Under D. Del. LR 7.1.2(b), Plaintiffs must obtain leave of Court to file a sur-reply. Here, Plaintiffs have good cause to file the proposed sur-reply, because, as discussed above, Wapp presented new evidence and arguments in its Reply that Wapp could have included in its opening brief. Plaintiffs' proposed sur-reply is limited to responding only to this new evidence and arguments. Courts in this district have routinely granted leave to file a sur-reply under similar circumstances. *See, e.g., Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (granting motion to file a sur-reply to respond to the defendants' reply brief in support of a motion to dismiss because the sur-reply responded to new evidence, facts, or arguments); *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (similar); *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (similar); *see also Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2017 WL 3888228, at *1 (D. Del. Sept. 6, 2017) (similar). Plaintiffs respectfully submit that the proposed sur-reply will assist the Court in more fully and fairly deciding the issues, particularly in view of the new arguments, authorities, and evidence presented in Wapp's Reply.

## CERTIFICATE OF CONFERENCE

Pursuant to D. Del. LR 7.1.1, the undersigned counsel hereby certifies that Plaintiffs have met and conferred with Wapp regarding the substance of this motion. Wapp stated in an e-mail communication to Plaintiffs on January 7, 2019, that it "will not oppose the filing of a brief sur-reply provided that the Court is also amenable to having an oral argument on the motion to dismiss." Wapp also stated in that e-mail communication that it "is not opposing the filing of such a sur-reply despite the facts that: (a) Wapp disagrees with Plaintiffs' characterization of Wapp's Reply brief as containing new argument or evidence: (b) ███████████████

3

██████████████████████████████████████████████; and (c) Wapp believes that Plaintiffs' request is untimely given that Wapp's Reply was filed on December 26th."

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and consider, or allow Plaintiffs to file, the attached proposed sur-reply.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |

Mark Reiter
GIBSON DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Tel: (214) 698-3360

Neema Jalali
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel: (415) 393-8258

Andrew Robb
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5334

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Jennifer Penberthy Buckley (#6264)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com
jbuckley@potteranderson.com

*Attorneys for Plaintiffs Seattle SpinCo, Inc. and EntIT Software LLC*

Dated: January 9, 2019
6047533 / 45495
Public Version Dated: January 17, 2019

4