```
                    IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF DELAWARE


SEATTLE SPINCO, INC. and         )
ENTIT SOFTWARE LLC,              )
                                 )
              Plaintiffs,        )
                                 ) C.A. No. 18-1585-RGA
v.                               )
                                 ) JURY TRIAL DEMANDED
WAPP TECH LIMITED PARTNERSHIP    )
and WAPP TECH CORP.,             )
                                 )
              Defendants.        )


                                    J. Caleb Boggs Courthouse
                                    844 North King Street
                                    Wilmington, Delaware

                                    Friday, March 15, 2019
                                    11:02 a.m.
                                    Oral Argument


BEFORE:  THE HONORABLE RICHARD G. ANDREWS, U.S.D.C.J.

APPEARANCES:

         POTTER ANDERSON & CORROON LLP
         BY:  BINDU A. PALAPURA, ESQUIRE
         BY:  CLARISSA R. CHENOWETH, ESQUIRE

                 -and-

         GIBSON DUNN & CRUTCHER LLP
         BY:  MARK REITER, ESQUIRE
         BY:  JORDAN BEKIER, ESQUIRE

                                    For the Plaintiffs
```

```
 1   APPEARANCES CONTINUED:

 2              DEVLIN LAW FIRM LLC
                BY:  TIMOTHY DEVLIN, ESQUIRE
 3              BY:  HENRIK D. PARKER, ESQUIRE

 4                        For the Defendants

 5              ***   PROCEEDINGS   ***

 6              THE CLERK:  All rise.

 7              THE COURT:  All right.  Good morning, everyone.
 8   Please be seated.
 9              This is scheduled for argument, Seattle SpinCo
10   versus Wapp Limited Partnership, et al., Number 18-1585 on a
11   motion to dismiss, transfer, or stay.
12              So from plaintiff, Ms. Palapura.  Good morning.
13              MS. PALAPURA:  Good morning, Your Honor.  Bindu
14   Palapura from Potter Anderson.  And with me today is Mark
15   Reiter --
16              MR. REITER:  Good morning, Your Honor.
17              MS. PALAPURA:  -- and Jordan Bekier from Gibson
18   Dunn.  Also with me today, one of my new colleagues,
19   Clarissa Chenoweth who has joined Potter very recently, and
20   also Patricia Kim from our client.
21              THE COURT:  Okay.  All right.  Welcome, all of
22   you.
23              Mr. Devlin.
24              MR. DEVLIN:  Good morning, Your Honor.  On
25   behalf of defendants, Tim Devlin of Devlin Law Firm.  And
```

| | | |
|---|---|---|
| 11:03:40 | 1 | with me today is my colleague, Henrik Parker, who will be |
| 11:03:45 | 2 | doing the argument. |
| 11:03:46 | 3 | THE COURT: Okay. Thank you. |
| 11:03:47 | 4 | So good morning to those of you who I don't |
| 11:03:49 | 5 | usually see or haven't seen before. So I don't know who is |
| 11:03:56 | 6 | filing these things calling it notice of substantive |
| 11:03:59 | 7 | controlling authority, but it didn't look like the things |
| 11:04:02 | 8 | that were in there were controlling authority of any use to |
| 11:04:05 | 9 | what I'm doing here. |
| 11:04:06 | 10 | I also didn't see, though I looked up myself, |
| 11:04:12 | 11 | that Wapp Tech has added Seattle SpinCo and the other |
| 11:04:20 | 12 | plaintiff here like a week ago or something into an Amended |
| 11:04:28 | 13 | Complaint that's filed in the Texas case that was against |
| 11:04:34 | 14 | Micro Focus; right? |
| 11:04:35 | 15 | MR. PARKER: Yes, Your Honor, we did. We filed |
| 11:04:39 | 16 | an Amended Complaint that asserted accused plaintiffs here |
| 11:04:41 | 17 | as well as three other additional parties. |
| 11:04:44 | 18 | THE COURT: Okay. And I see just generally |
| 11:04:51 | 19 | Judge Mazzant is issuing orders and getting jurisdictional |
| 11:04:56 | 20 | discovery. And I guess what I'm wondering is: It certainly |
| 11:05:06 | 21 | looks like the case in Texas is the first filed case. It |
| 11:05:11 | 22 | seems to me it ought to be Judge Mazzant who decides where |
| 11:05:15 | 23 | we're going with these cases. |
| 11:05:17 | 24 | It also ought to be his determination not mine |
| 11:05:22 | 25 | because I know plaintiff here is saying it's not a first |

11:05:28  1   filed case because he doesn't have possession, but it seems
11:05:32  2   to me that that's exactly the kind of thing that it's
11:05:36  3   ridiculous for me to be analyzing his case to figure out
11:05:40  4   whether or not he has possession.  It's much better to have
11:05:46  5   the judge who's got the case that involves the same
11:05:50  6   products, and the same patents, and at least a related
11:05:54  7   company, not counting the recent amendments, and figure out
11:05:59  8   whether or not he has the first filed case.
11:06:02  9           So I'm real inclined to just grant the motion to
11:06:08 10   stay and wait and see what happens because I think it's
11:06:14 11   really the Eastern District of Texas who should be deciding
11:06:19 12   things first here, not me.  I guess that's one of the
11:06:30 13   options, Mr. Parker, that you wanted me to consider.
11:06:32 14           So I guess, Mr. Reiter, that's not an option
11:06:34 15   that you wanted me to consider or that you wanted me to do.
11:06:38 16   Is there some reason why what I've just said doesn't make
11:06:41 17   sense?
11:06:42 18           MR. REITER:  May I respond, Your Honor?
11:06:44 19           THE COURT:  Yes, that's the reason I asked the
11:06:46 20   question.
11:06:46 21           MR. REITER:  Okay.  Thank you.  Thank you.  I
11:06:48 22   didn't think it was rhetorical, but yes, Your Honor.
11:06:51 23           THE COURT:  Yeah.  Yeah.  Yeah, always good to
11:06:53 24   make sure.
11:06:54 25           MR. REITER:  So Your Honor is correct.  We would

Case 1:18-cv-01585-RGA   Document 43   Filed 05/15/19   Page 5 of 11 PageID #: 4297

5


11:06:58  1    prefer that this case go ahead and proceed.
11:07:01  2                A few issues with respect to the Texas case
11:07:03  3    very, very briefly.  The issue of personal jurisdiction is a
11:07:07  4    real and significant issue, and I recognize, as Your Honor
11:07:10  5    has already stated, that that is an issue for Judge Mazzant
11:07:14  6    to decide.  And we believe that Judge Mazzant will decide
11:07:17  7    that issue and find that there is no personal jurisdiction.
11:07:20  8                Wapp has walked away from the arguments that it
11:07:23  9    had made originally as to personal jurisdiction.  Wapp has
11:07:26 10    been given thousands of pages of discovery on jurisdiction,
11:07:29 11    three depositions, interrogatory responses, and they've come
11:07:32 12    up now with an alter-ego argument that doesn't make any
11:07:36 13    sense.
11:07:36 14                THE COURT:  Right.  You're telling me all this
11:07:38 15    stuff, but of course, that's exactly what I'm not going to
11:07:41 16    do is try to figure out how valid it is what you're telling
11:07:44 17    me --
11:07:44 18                MR. REITER:  Yes.
11:07:45 19                THE COURT:  -- because that's what stepping all
11:07:47 20    over what Judge Mazzant is going to do.
11:07:49 21                MR. REITER:  And I recognize that, Your Honor.
11:07:50 22    The reason why I give you that predicate is to let you know
11:07:53 23    that there is a real issue on jurisdiction in Texas.
11:07:56 24                THE COURT:  Right now I'm taking no position on
11:07:59 25    that.

11:07:59  1            MR. REITER:  Okay.  Okay.  I recognize that and
11:08:00  2   appreciate that.
11:08:01  3            But as I said, because there is a real issue and
11:08:03  4   we've cited in our papers in our opposition brief a case at
11:08:08  5   least from the -- I believe it was the Western District of
11:08:10  6   Pennsylvania, the Jefferson Ward case in which a very
11:08:15  7   similar situation arose in which there was a personal
11:08:18  8   jurisdiction attack defense in the first or alleged first
11:08:22  9   filed case.  The judge in Pennsylvania said, It looks like
11:08:27 10   there's a real problem on personal jurisdiction.  I'm going
11:08:29 11   to go ahead and take this case, let it move forward because
11:08:32 12   there's no reason why it shouldn't.  And if it turns out
11:08:35 13   that the judge in that case -- I think it was the Southern
11:08:37 14   District of Ohio -- decides that there is personal
11:08:40 15   jurisdiction, we'll come back and revisit it.  But the
11:08:42 16   issues, the work that will be done in that case, in the DJ
11:08:46 17   case will, nonetheless, benefit the parties.
11:08:48 18            And that's the same thing that will happen here.
11:08:50 19   There is a real issue in Texas about personal jurisdiction.
11:08:53 20   Wapp filed an Amended Complaint without seeking leave to do
11:08:56 21   so.  They are past the point of having the ability to do so
11:09:00 22   without leave, and they're not even sure if they can do so.
11:09:03 23   They asked, and it was me -- I apologize for throwing all of
11:09:07 24   those materials to Your Honor as supplemental authority.
11:09:10 25   The reason -- yes, I understand.

11:09:12  1              The reason we did that is because Wapp provided
11:09:14  2     to Your Honor the order from Judge Mazzant saying, This
11:09:18  3     discovery is going forward.  This briefing is going to
11:09:20  4     happen.  So we wanted Your Honor to have the benefit of all
11:09:23  5     of that which I'm sure you really appreciated.
11:09:26  6              THE COURT:  I appreciated it the way they
11:09:27  7     submitted it a lot more than --
11:09:29  8              MR. REITER:  I understand.  I understand, but
11:09:31  9     now we have a complete record here to the extent that is
11:09:34 10     helpful to the Court.
11:09:35 11              So the point being that, as I said, this
11:09:39 12     Jefferson Ward case, there is a real issue of personal
11:09:43 13     jurisdiction.  There is a real question about whether Judge
11:09:46 14     Mazzant will allow the Amended Complaint.  There is a real
11:09:48 15     issue about whether or not that Amended Complaint will
11:09:50 16     relate back under Rule 15(c)(1)(c).  We don't believe that
11:09:54 17     it will.
11:09:55 18              And so, as a result of that, all of those issues
11:09:57 19     need to be litigated in Texas.  All of those issues need to
11:10:00 20     be decided before the Texas case can go.  And so why not get
11:10:04 21     this case going.
11:10:06 22              We believe you are the Court that has possession
11:10:09 23     of this dispute.  We are the parties that are responsible
11:10:12 24     for the case or for the products.  There's no issue about
11:10:15 25     subject matter jurisdiction.  That was, I think, an argument

11:10:19  1   that they had to make, but didn't have any merit and
11:10:24  2   borderline frivolous that our products, when we're
11:10:27  3   defending, when we have customers and so forth, and Your
11:10:30  4   Honor has made decisions about implied allegations of
11:10:35  5   indirect infringement --
11:10:35  6               THE COURT:  Yeah.  Yeah.  I live to regret that.
11:10:37  7               MR. REITER:  Well, then, I won't bring it up
11:10:39  8   anymore, but the fact is there is subject matter
11:10:42  9   jurisdiction.  The Texas case is going to take a while
11:10:45 10   before it gets going.  We are prejudiced by being forced to
11:10:49 11   not litigate and defend ourselves.
11:10:51 12               We have an IPR option.  That clock is ticking.
11:10:55 13   There are 169 claims across these three patents.  We don't
11:10:59 14   know what claims are going to be asserted.
11:11:01 15               THE COURT:  But so I understand all these things
11:11:04 16   you're saying, but essentially then, you know, it's not -- I
11:11:08 17   don't know how old the Western District of Pennsylvania case
11:11:11 18   is, but things are much more complicated -- well, I don't
11:11:18 19   know how old it is, so I shouldn't really say that.
11:11:20 20               MR. REITER:  1983.
11:11:21 21               THE COURT:  Oh, okay.  So maybe in the back of
11:11:24 22   my mind I did see that --
11:11:26 23               MR. REITER:  Yes.
11:11:27 24               THE COURT:  -- because things are a lot
11:11:28 25   different than they were 35 years ago in terms of how things

| | | |
|---|---|---|
| 11:11:34 | 1 | were done, and the amount of discovery, and scheduling, and |
| 11:11:40 | 2 | managing cases. And so basically the way we do things here, |
| 11:11:46 | 3 | it requires a certain amount of work on my part, not to |
| 11:11:49 | 4 | mention, you know, on the subject matter jurisdiction on the |
| 11:11:56 | 5 | transfer. You know, and part of the first filed thing, I |
| 11:12:01 | 6 | think, is besides to support judicial comity is also to |
| 11:12:07 | 7 | support judicial economy. And so, you know, setting |
| 11:12:15 | 8 | schedules and doing things for a case that I don't believe I |
| 11:12:24 | 9 | have control over as to whether it remains mine or not just |
| 11:12:29 | 10 | strikes me as an inefficient use of resources. |
| 11:12:35 | 11 | And so I appreciate what you've said, and |
| 11:12:39 | 12 | perhaps we'll be talking again before too long. I don't |
| 11:12:42 | 13 | know. But I think that the proper thing for me to do is to |
| 11:12:51 | 14 | let things shake out because of discovery. You know, I'm |
| 11:13:00 | 15 | not entirely familiar with the Eastern District of Texas |
| 11:13:03 | 16 | rules on discovery, but I know they have rules, and they're |
| 11:13:06 | 17 | different than what we normally do, or at least they're |
| 11:13:09 | 18 | different in terms of what's mandatory. So I think that the |
| 11:13:13 | 19 | best thing for the system is for me to just step back. |
| 11:13:18 | 20 | So I appreciate what you said, but I am going to |
| 11:13:24 | 21 | defer to Judge Mazzant, and that includes basically just |
| 11:13:27 | 22 | staying the case until we find out whether there's anything |
| 11:13:30 | 23 | actually for us to do at all. Okay? |
| 11:13:34 | 24 | MR. REITER: Okay. |
| 11:13:36 | 25 | THE COURT: Well, sorry. |

11:13:37  1                    MR. REITER:  That was rhetorical.
11:13:39  2                    THE COURT:  That was rhetorical.  Yeah.  Yeah,
11:13:41  3    right, I guess.
11:13:43  4                    So I'm going to enter an Order staying the case,
11:13:48  5    and I'm sure one or the other of you will report to me at
11:13:53  6    some point when something happens in Texas that makes a
11:13:57  7    difference.  And I guess I will just direct that you
11:14:01  8    reasonably timely do so after something happens.
11:14:04  9                    And if it's something where it's clear-cut then
11:14:08 10    what the next step is, you know, let me know.  If it's
11:14:12 11    disputed what the next step is, let me know that, too.
11:14:17 12                    All right?
11:14:18 13                    MR. REITER:  Yes, Your Honor.
11:14:19 14                    THE COURT:  So I appreciate your time today, and
11:14:24 15    it's nice to meet you, Mr. Reiter.
11:14:26 16                    MR. REITER:  Thank you.
11:14:27 17                    THE COURT:  And Mr. Parker, I'm sure you won't
11:14:30 18    complain that I haven't given you any time to talk.
11:14:32 19                    MR. REITER:  I'm sure he's very happy.
11:14:34 20                    THE COURT:  Okay.  So we'll be in recess.  Thank
11:14:37 21    you very much.
11:14:37 22                    THE CLERK:  All rise.
         23                    (Court was recessed at 11:14 a.m.)
         24                    I hereby certify the foregoing is a true and
         25    accurate transcript from my stenographic notes in the

1    proceeding.

2                                    /s/ Heather M. Triozzi
                                     Official Merit Reporter
3                                    U.S. District Court